# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO. 5:24-cr-00142

JESSE ROBERT PHILLIPS

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Jesse Robert Phillips' objection to the Presentence Investigation Report ("PSR"). Mr. Phillips objects to the PSR's computation of his criminal history points in Paragraphs 74 and 75 pursuant to U.S.S.G. § 4A1.2 and the resulting application of the career offender enhancement under § 4B1.1.

### I.

On August 27, 2024, a three count Indictment was returned against Mr. Phillips, charging him with, *inter alia*, possession with intent to distribute a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1). On November 25, 2024, Mr. Phillips pled guilty to that offense and thus stands convicted. On April 30, 2025, the Court convened for sentencing. The matter was continued pending supplemental briefing on Mr. Phillips' criminal history related objections, specifically (1) whether the offenses listed in Paragraphs 74 and 75 of the PSR resulted in "multiple sentences," and (2) whether the offenses were separated by an intervening arrest. [*See* ECF 52].

Paragraph 74 assessed Mr. Phillips three points for his Michigan state court conviction for delivery/manufacture of cocaine, heroin, or another narcotic less than 50 grams. He was arrested for that offense on August 27, 2018, and sentenced on March 25, 2019, in Case

Number 19-280-FH, to eighteen months to twenty years imprisonment. Paragraph 75 assessed Mr. Phillips with another three points for an identical Michigan state court conviction. He was arrested for that offense on January 17, 2019, and sentenced on March 25, 2019, -- the same date as the prior conviction -- in Case Number 19-290-FH, to eighteen months to twenty years imprisonment.

Based on these convictions, the PSR assessed Mr. Phillips a total of six criminal history points, yielding a Criminal History Category of III. Counting the two Michigan convictions as separate and, inasmuch as the same constitute predicate controlled substance offenses under the Guidelines, the PSR concluded Mr. Phillips is a career offender under U.S.S.G. § 4B1.1(a),[1] resulting in an enhanced Criminal History Category of VI under § 4B1.1(b).

Mr. Phillips objects to these findings and contends the Michigan convictions should be counted as a single sentence as opposed to separate under the Guidelines. Specifically, he asserts there was no intervening arrest to warrant treatment of the two convictions as separate inasmuch as the circumstances surrounding the August 27, 2018, event do not constitute an actual arrest. [*See* ECF 53]. He thus maintains he should be assessed a total of three criminal history points, resulting in a Criminal History Category of II. [*Id.*]. Inasmuch as Mr. Phillips contends the convictions should be treated as one sentence, he asserts the Career Offender designation is unwarranted pursuant to § 4B1.2(c)(2).[2] [*Id.*]. The Government disagrees and asserts the PSR properly (1) counted the sentences separately given the offenses were separated by an intervening

---

[1] Section 4B1.1(a) states "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[2] Section 4B1.2(c)(2) requires that the sentences related to the predicate offenses supporting the career offender enhancement "are counted separately under the provisions of 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c)(2).

arrest, and (2) applied the Career Offender enhancement. [*See* ECF 55].

## II.

### A.   *Governing Standard*

In computing a defendant's Criminal History Category, U.S.S.G. § 4A1.1 provides three points are added "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). "Prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Where multiple prior sentences are at issue, it must be determined "whether those sentences are counted separately or treated as a single sentence." U.S.S.G. § 4A1.2(a)(2). On that point, the Guidelines instruct as follows:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by subparagraph (A) or (B) as a single sentence. See also § 4A1.1(d).

*Id.* "In the absence of 'multiple prior sentences,' [however], the existence of an intervening arrest is irrelevant." *United States v. Davis*, 720 F.3d 215, 219 (4th Cir. 2013) (citing U.S.S.G. § 4A1.2(a)(2)).

### B.   *Multiple Sentences*

As a threshold matter, it is apparent from the documents provided from the United States Probation Office to the Court and parties that the offenses at issue resulted in multiple sentences. Although Mr. Phillips was ultimately sentenced for each offense on the same date in a single, consolidated proceeding, he received concurrent sentences of eighteen months to twenty years in both Case Number 19-280-FH and Case Number 19-290-FH. This much is reflected in

the separate Judgments issued in both cases. To the extent Mr. Phillips maintains otherwise,[3] such contention is meritless. *See, e.g.*, *Davis*, 720 F.3d at 219 (explaining "[t]he term 'consolidated for sentencing' . . . does not equate to 'consolidated sentence' (or 'consolidated judgment'). The distinction is not merely textual or grammatical; the former is procedural, while the latter is substantive. When offenses are 'consolidated for sentencing,' the consolidation is merely a procedural mechanism used primarily out of concern for judicial economy and efficiency."). The matter thus turns on whether an intervening arrest separated the two offenses.

C.  *Intervening Arrest*

Mr. Phillips does not dispute "the event in question is intervening in the sense of timing," as "[t]he first event occurred on August 27, 2018, and the second event occurred on January 17, 2019." [ECF 53 at 1]. Rather, he contends the August 27, 2018, incident does not constitute an arrest under the Guidelines inasmuch as he was not charged with a crime resulting from the same until four months later in December 2018.[4] Instead, following a traffic stop on August 27, 2018, -- during which Mr. Phillips admitted to driving on a suspended license and was found in possession of cocaine -- he was taken to St. Clair County Jail, booked, and released by law enforcement pending charges. To that end, Mr. Phillips asserts the August 27, 2018, event is akin to a detention rather than an arrest. He maintains "a Guidelines arrest requires that a person was seized under proper authority and a judicial officer had some level of intervention related to the seizure." [*Id*. at 4].

---

[3] While Mr. Phillips initially asserted he received a single sentence for both offenses, he appears to have abandoned that contention in his supplemental briefing. [*Compare* ECF 48, *with* ECF 53]. Nonetheless, that contention is misplaced as explained above.

[4] Mr. Phillips does not dispute the January 17, 2019, incident constitutes an arrest.

The Guidelines do not define the term "arrest." Undefined terms of a statute are generally afforded "their ordinary or natural meanings." *Pharmaceutical Coalition for Patient Access v. United States*, 126 F.4th 947, 953 (4th Cir. 2025); *see also HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Ass'n*, 594 U.S. 382, 388 (2021). The same is true respecting undefined terms in the Guidelines. *United States v. Skinner*, 70 F.4th 219, 230 (4th Cir. 2023) (internal citations omitted) (explaining "[c]ourts 'interpret the Sentencing Guidelines according to the ordinary rules of statutory construction' and 'give a guideline its plain meaning, as determined by examination of its language, structure, and purpose.'"); *United States v. Haas*, 986 F.3d 467, 480 (4th Cir. 2021) ("[W]e construe terms in the Sentencing Guidelines according to their ordinary meaning."); *see also Chapman v. United States*, 500 U.S. 453, 461-62 (1991).

Our Court of Appeals has not yet addressed what constitutes an arrest in the context of § 4A1.2(a)(2). The majority of our sister circuits that have addressed the issue, however, have concluded an arrest for purposes of § 4A1.2(a)(2) is a custodial arrest. *See United States v. Rodgers*, 86 F.4th 259, 264 (6th Cir. 2023) (holding an arrest under § 4A1.2(a)(2) "requires placing someone in police custody as part of a criminal investigation."); *United States v. Wright*, 862 F.3d 1265, 1282 (11th Cir. 2017) (concluding "[t]he term 'arrest' ordinarily means that someone has been seized and taken into custody, however briefly."); *United States v. Ley*, 876 F.3d 103, 109 (3d. Cir. 2017) (holding "for purposes of [§] 4A1.2(a)(2) of the Sentencing Guidelines, an arrest is a formal, custodial arrest."); *United States v. Leal-Felix,* 665 F.3d 1037, 1041 (9th Cir. 2011) (en banc) (concluding "[f]or the purpose of the Sentencing Guidelines, an arrest is a 'formal arrest' . . . indicated by informing the suspect that he is under arrest, transporting the suspect to the police station, and/or booking the suspect into jail."). Indeed, only one circuit has concluded otherwise, adopting a more expansive view of an arrest under the Guidelines. *See United States v. Morgan*,

5

354 F.3d 621, 623 7th Cir. 2003) (holding "[a] traffic stop is an 'arrest' in federal parlance.").

Finding the reasoning articulated by the Sixth, Eleventh, Third, and Ninth Circuits more persuasive, the Court adopts the majority view that an arrest in the § 4A1.2(a)(2) context is a formal, custodial arrest, requiring more than a mere summons, traffic stop, or citation. Limiting an arrest in this manner "is consistent with the common usage, case law, and the context and purposes of the Sentencing Guidelines." *Leal-Felix*, 665 F.3d at 1041. Nonetheless, regardless of whether the limited or broadened definition is applied to Mr. Phillips' case, the August 18, 2018, incident constitutes an arrest under § 4A1.2(a)(2). Indeed, the documents pertaining to the traffic stop demonstrate Mr. Phillips was arrested for possession with intent to distribute cocaine, Mirandized, transported to the local jail, booked into custody, and released pending charges.[5] The fact that charges related to the incident were not formally filed until December 2018 is of little moment given that an arrest occurred. *See United States v. Crawford*, 552 F. App'x 240, 248 (4th Cir. 2014) (emphasis in original) (recognizing "[n]othing in the plain language of the Sentencing Guidelines gives any weight to the *nature* of the crime with which the defendant is initially charged. This comports with a common-sense interpretation of the definition of an 'intervening arrest' because, as a practical matter, the nature and scope of charges often change between the time an individual is initially arrested and the point at which a full investigation is conducted and the individual is formally charged.").

Accordingly, the Court concludes the sentences at issue were imposed for offenses separated by an intervening arrest inasmuch as Mr. Phillips was arrested for the August 18, 2018,

---

[5] The Government proffers in its response that in the jurisdiction where the arrest occurred, "the prosecuting attorney's office is contacted after an individual is booked into custody to ascertain whether the prosecutor's office will honor a warrant request which would, at that point, prefer charges and proceed to arraignment." [ECF 55 at 2].

offense prior to committing the second offense on January 17, 2019. The sentences are thus counted separately pursuant to § 4A1.2(a)(2) and, in turn, satisfy the career offender requirements set forth in §§ 4B1.1(a) and 4B1.2(c).

### IV.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Phillips' criminal history related objections and **FINDS** that the PSR's computation of his criminal history score and application of the career offender enhancement are appropriate.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and his counsel, to the United States Attorney, to the United States Probation Office, and to the United States Marshal.

ENTER: June 16, 2025

Frank W. Volk
Chief United States District Judge